o:\drafts\08-cr-0323-jfm\competency finding order.docx

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 4:08-CR-00323-JFM |
| -vs- | : | |
| | : | Magistrate Judge |
| MICHAEL AWOSIKA | : | William I. Arbuckle III |

ORDER

BACKGROUND FOR THIS ORDER:

This case has a somewhat unusual procedural history.   Because this case has had three previous case numbers that history will be detailed here.

Michael Awosika received a federal grand jury target letter and On May 23, 2007 the late Magistrate Judge Askey appointed the Federal Public Defender to represent Awosika in all matters relating to a pending Grand Jury investigation (see 4:07-mc-00009-WHA *SEALED* Document 38).

On February 20, 2008 an information charging one count of Possession of Contraband by an Inmate in violation of 18 U.S.C. § 1791(a)(2) was filed at Docket 4:08-cr-00072-JFM (Document 1) along with a written Plea Agreement (Document 2) purporting to be signed by AUSA Simmers, AFD Byrd, and Awosika. The defendant was serving a sentence at USP Allenwood at the time of the alleged new offense.   A Rule 5 hearing was scheduled for March 6, 2008 and rescheduled for March 11, 2008. According to the docket no hearing was ever held.

On March 12, 2008 AFD Byrd filed a Motion for a Hearing to Determine Mental Competency (Document 8) with the concurrence of the government.   An Order (Document 9) granting that motion and ordering the Bureau of Prisons (BOP) to arrange a competency exam was signed by the Honorable James F. McClure, Jr on March 13, 2008.   Nothing on the docket indicates that this order was ever served on the BOP.   On August 18, 2008 a Motion requesting an arrest warrant for the Defendant was filed by the government (Document 10) and a warrant was issued (Document 11).   The Court was notified of the Defendant's arrest on that warrant and a detention hearing was scheduled for August 19, 2008.

Before the hearing began a sidebar conference was held with the court and counsel.   Counsel reported to the Court that no competency evaluation had been done.   The Court expressed a concern that the information was not accompanied by a waiver of indictment and as such was not a valid charging document.   The Defendant's competency to sign such a waiver was put into question by the competency motion and Order requiring a psychiatric exam. The matter was further complicated by the fact that the Defendant was due to be released from federal custody that afternoon (August 19, 2008) on the underlying case that had put him in USP Allenwood at the time of instant alleged offense.   While at sidebar the government indicated that it would immediately file a criminal complaint mirroring

the charge in the information.  A recess in the proceedings was granted to permit the government to file and serve the complaint.  Shortly thereafter Special Agent Pat Austin of the FBI filed a criminal complaint with an affidavit of probable cause alleging the same facts and offense contained in the original information.  The Court accepted the complaint, the Defendant was returned to the court room, and was then questioned by the Court to determine if he was competent even for the limited purpose of a Rule 5 hearing on the complaint.  After inquiry on the record the Court determined and counsel agreed that the Defendant was competent to proceed with the initial appearance.  The Court entered a Not Guilty Plea for the Defendant and scheduled a Rule 5.1 preliminary hearing for Friday, August 29, 2008 at 1 p.m. Counsel for the Defendant was instructed to select a psychiatrist or psychologist to conduct a competency exam and provide that information to the Court as soon as possible. The Court indicated that if the competency exam was not completed that the preliminary hearing would be continued pursuant to F.R.Crim.P. 5.1(d) because extraordinary circumstances existed and justice required the delay.

  This Defendant also apparently has a pro se lawsuit docketed by the Court as a Writ of Habeas Corpus at Case 3:08-cv-01492-JMM-EC. This pro se matter was originally filed in the District of Maryland on July 21, 2008 and transferred to the Middle District of Pennsylvania on August 8, 2008.

Based on the information from the records before the Court and the representations of counsel at the August 19, 2008 initial appearance the court found that the motion previously filed (4:08-CR-072, document 8) presented reasonable cause to believe that Awosika may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.    The Order entered by Judge McClure on March 13, 2008 for a competency exam arranged by the BOP was moot because Awosika was no longer in BOP custody.

Therefore, a psychiatric examination was ordered on August 22, 2008 (4:08-CR-00072-JFM, document 16 [originally entered at Docket #4:08-mj-000084-WIA]).   That order appointed Robert L. Hume, M.D., J.D., to conduct a psychiatric examination of the defendant and file that report with the court.

Thereafter, on September 09, 2008 the government filed a motion to dismiss the criminal complaint at 4:08-cr-00072-JFM alleging that on August 27, 2008 a grand jury sitting in Harrisburg, PA, had indicted the defendant for the same conduct (Document 17).   That motion was granted on September 10, 2008 (document 18) and Case #4:08-cr-00072-JFM was administratively terminated that day.

The August 27, 2008 indictment was docketed at a new case number,

#4:08-cr-00323-JFM on that day.   Thereafter, on September 5, 2008 Attorney Byrd filed to this new case number, a Status Report pursuant to the Court's Order of August 21, 2008 at #4:08-CR-00072-JFM (4:08-cr-00323-JFM, document 6).   Then on September 8, 2008 Attorney Byrd filed under seal the report of Dr. Hume pursuant to the August 22, 2008 Order.   The certificate of service filed with the report and motion to file under seal recites that a copy of the report was served on the attorney for the government and the defendant (documents 7 thru 10).

The Court has reviewed Dr. Hume's report (document 10).   Based upon that report and the Court's observations and inquiry of the defendant in open court on August 19, 2008 [see transcript filed at #4:08-CR-00072-JFM (document 14)] the court is prepared to proceed with the initial appearance of the defendant on this new indictment.

**THEREFORE IT IS HEREBY ORDERED THAT:**

1. Attorney D. Toni Byrd of the Federal Public Defender's office is appointed to represent Michael Awosika in this case.
2. The Clerk's office shall schedule and notify the parties of an **arraignment on the new indictment for Tuesday, September 23, 2008 at 2:30 p.m.** or as soon as practical considering the schedule of the Court and the parties but in no event later than September 23, 2008.

3. Should any party wish to challenge the competency of the Defendant to proceed pursuant to F.R.Crim.P. 10 they should file an appropriate motion setting forth their reasons in advance of the arraignment.   In the absence of such a motion the Court will proceed with an arraignment on the indictment.

SO ORDERED

                                *s/ William I. Arbuckle III*
                                William I. Arbuckle III
                                United States Magistrate Judge

Filed: September 15, 2008